# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-238-RAW |
| ) | (CR-04-091-RAW) |
| PAMELA RAYE HOWELL, ) | |
| ) | |
| Petitioner/Defendant. ) | |

## ORDER

Before the court is the objection of the petitioner to the Findings and Recommendation of the United States Magistrate Judge. The Magistrate Judge recommended that the petitioner be denied relief.

Petitioner notes that the Magistrate Judge reviewed each witness individually regarding her claim that trial counsel failed to investigate key witnesses. Petitioner argues, however, that "these errors should have been reviewed cumulatively." (Objection at 3). The court finds that the thorough analysis by the Magistrate Judge indicates that the word "error" is not appropriate because no treatment of any individual witness constituted a violation of *Strickland v. Washington,* 466 U.S. 668 (1984). "[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *United States v. Rivera,* 900 F.2d 1462, 1471 (10th Cir.1990)$^*$. "[C]ourts on collateral review may not aggregate allegations concerning the ineffective assistance of

---

$^*$There is an "absence of Supreme Court precedent applying cumulative error doctrine to claims of ineffective assistance of counsel." *Forrest v. Fla. Dep't of Corr.,* 2009 WL 2568185 at *4 (11th Cir.2009)(unpublished).

counsel." *United States v. Nguyen,* 2009 WL 890512 at *7 (W.D.Okla.2009)(citing *Parker v. Scott,* 394 F.3d 1302, 1327 (10th Cir.2005)). *Cf. Gonzales v. Tafoya,* 515 F.3d 1097, 1126 (10th Cir.2008)(all acts of inadequate performance may be cumulated in order to conduct the prejudice prong.).

Petitioner also contends that she presented a violation of the standard described in *Lafler v. Cooper,* 132 S.Ct. 1376, 1385 (2012), regarding ineffective assistance of counsel in the plea-negotiating setting, i.e., that (but for ineffective assistance) there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms and the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed. The court is persuaded that the record, as set forth in the discussion at pgs. 15-17 of the Report and Recommendation demonstrates that the "but for ineffective assistance" element was not demonstrated in the case at bar. Alternatively, petitioner argues that, to the extent trial counsel did investigate witnesses, the information gleaned was not relayed to petitioner, which in turn prevented petitioner from making an informed decision as to whether to accept the plea offer. The court finds this attenuated argument was not established either.

If a party files objections to the Magistrate Judge's credibility findings, the district court must undertake a de novo review of the record. *Wildermuth v. Furlong,* 147 F.3d 1234, 1236 (10th Cir.1998). A de novo hearing, by contrast, is not required if the district court

adopts the recommendation of the magistrate. *Id*. The court has conducted such a review and will adopt the recommendation.

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED.

**ORDERED THIS 4th DAY OF MARCH, 2013.**

**Dated this 4th day of March, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma